IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIDGET POWELL,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, ET AL.,** | : | |
| *Defendants*. | : | NO.  24-cv-817 |

**MEMORANDUM**

**KENNEY, J.**                                                                                                       **April 29, 2025**

The Court writes for the benefit of the Parties.  On January 22, 2025, the Court entered a Memorandum Opinion and Order dismissing all claims against Defendants Kimberly Ali, Cynthia Figueroa, Sannah Crawford, Emily Blumenstein, the City of Philadelphia, Ceolia Warren Bentley, and the Defender Association of Philadelphia.  *See* ECF Nos. 49, 50.  In the Memorandum Opinion, the Court acknowledged that "[a]t this juncture, the action is stayed as to Defendants Turning Points for Children, Jennifer Kaba, Cydney Dasent, Kennisha White, Juanita Parks, and Nikkia Plunkett."  ECF No. 49 at 1 n.1.

On February 12, 2025, Plaintiff filed an appeal of the Order dismissing all claims against Defendants Ali, Figueroa, Crawford, Blumenstein, the City of Philadelphia, Bentley, and the Defender Association of Philadelphia.  *See* ECF No. 52.  In an Order filed on March 24, 2025, the Third Circuit dismissed Plaintiff's appeal for lack of appellate jurisdiction, explaining that "[a]n order that decides fewer than all claims or determines the rights and liabilities of fewer than all parties is not a final order and is not immediately appealable unless the District Court certifies its order pursuant to Federal Rule of Civil Procedure 54(b)."  ECF No. 55 (citing *Hill v. City of Scranton*, 411 F.3d 118, 124 (3d Cir. 2005)).

Soon thereafter, Plaintiff filed a Motion for Clarification under Federal Rule of Civil Procedure 60(a), requesting that this Court clarify its January 22, 2025 Order dismissing certain defendants with prejudice. *See* ECF No. 56. Upon consideration of Plaintiff's memorandum in support, the Court will grant the motion under Federal Rule of Civil Procedure 60(a).

I.   **DISCUSSION**

Under Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(a) is intended to encompass errors that are "mechanical in nature, apparent on the record, and not involving an error of substantive judgment." *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129–30 (3d Cir. 2005). Certain appellate courts have also noted that a Rule 60(a) motion may be granted "to resolve an ambiguity in [a court's] original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented." *Livingstone v. Haddon Point Manager, LLC*, No. 19-cv-13412, 2023 WL 8927313, at *6 (D.N.J. Dec. 27, 2023) (citing *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992); *Panama Processes, S.A. v. Cities Serv. Co.*, 789 F.2d 991, 993 (2d Cir. 1986)). In deciding a Rule 60(a) motion, the relevant inquiry is whether the change is "a clerical error, a copying or computational mistake," or whether it "affects [the] substantive rights of the parties and is therefore beyond the scope of" the Rule. *Wells Fargo Bank, Nat'l Ass'n v. Akanan*, No. 17-cv-159, 2020 WL 10224857, at *2 (W.D. Pa. Sept. 29, 2020) (quoting *Pfizer Inc.*, 422 F.3d at 120–30) (internal quotations omitted).

Plaintiff argues that "ambiguity" arises from the Court's January 22, 2025 Order in two respects: first, because "[t]he order does not explicitly address whether it supersedes the September 26, 2024 stay order as to the bankruptcy defendants," and second, because "[t]he order does not

2

specify whether claims against defendants subject to the bankruptcy stay were also dismissed with prejudice." *See* ECF No. 56 at 2–3.  The Court stated in the Memorandum Opinion accompanying the January 22, 2025 Order that "[a]t this juncture, the action is stayed as to Defendants Turning Points for Children, Jennifer Kaba, Cydney Dasent, Kennisha White, Juanita Parks, and Nikkia Plunkett." ECF No. 49 at 1 n.1.  Additionally, the Court specified in its January 22, 2025 Order that "[t]he above-captioned action is **DISMISSED WITH PREJUDICE** as to Defendants Kimberly Ali, Cynthia Figueroa, Sannah Crawford, Emily Blumenstein, the City of Philadelphia, Ceolia Warren Bentley, and the Defender Association of Philadelphia."  ECF No. 50 at 1–2 (emphasis in original).  However, the Court acknowledges that its omission of a statement in the Order regarding the Bankruptcy Defendants may lead to ambiguity.

As indicated in Footnote 1 of the Memorandum Opinion, it was the intent of the Court upon filing the Memorandum Opinion and accompanying Order that the stay enacted on September 26, 2024 remain in place, and that the claims against the Bankruptcy Defendants remain pending.  *See* ECF No. 49 at 1 n.1; *see also* ECF No. 46.  Therefore, "to resolve an ambiguity in [the Court's] original order to more clearly reflect its contemporaneous intent and ensure that the [C]ourt's purpose is fully implemented," *Livingstone*, 2023 WL 8927313, at *6, the Court will vacate its prior order and file an amended order on the docket making this point clear.

## II.     CONCLUSION

Accordingly, Plaintiff's Motion for Clarification under Rule 60(a) is **GRANTED**.  The Court's previous order at ECF No. 50 will be vacated, and an accompanying order will follow.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**
