IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIDGET POWELL,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, ET AL.,** | : | |
| *Defendants*. | : | NO. 24-cv-817 |

**MEMORANDUM**

**KENNEY, J.**                                                                                                                   **July 10, 2025**

The Court writes for the benefit of the Parties. On April 29, 2025, the Court clarified its prior order on the motions to dismiss to establish that the litigation remained stayed as to certain defendants, namely, Turning Points for Children, Nikkia Plunkett, Kennisha White, Juanita Parks, Jennifer Kaba, and Cydney Dasent (the "Stayed Defendants"). *See* ECF No. 58. Subsequently, Plaintiff filed a Motion for Certification of Final Judgment under Federal Rule of Civil Procedure 54(b) as to claims against the City of Philadelphia, Ceolia Warren Bentley, Sannah Crawford, Kimberly Ali, Cynthia Figueroa, Emily Blumenstein, and the Defender Association of Philadelphia (the "Dismissed Defendants"). *See* ECF No. 59 ("Mtn"). Upon consideration of Plaintiff's memorandum in support, the Court will **deny** the motion under Federal Rule of Civil Procedure 54(b).

**I.     DISCUSSION**

Under Federal Rule of Civil Procedure 54(b), a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). However, "the entry of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court." *Diaz v. FCA US LLC*, 134 F.4th 715, 721 (3d Cir. 2025) (quoting *Elliott v.*

*Archdiocese of New York*, 682 F.3d 213, 220 (3d Cir. 2012) (cleaned up)). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Elliott*, 682 F.3d at 220 (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

To determine whether certification under Rule 54(b) is proper, "[a] district court must first determine that it is dealing with a final judgment," and then, "[o]nce having found finality . . . must go on to determine whether there is any just reason for delay," explaining the basis for such a determination. *Diaz*, 134 F.4th at 721 (quoting *Curtiss–Wright Corp.*, 446 U.S. at 7–8 (cleaned up)). The Court is required to weigh the "overall policy against piecemeal appeals against whatever exigencies the case at hand may present." *Allis–Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975) (quoting *Panichella v. Pennsylvania R.R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958)), *abrogated on other grounds by*, *Curtiss-Wright Corp.*, 446 U.S. at 1–13. Key factors to consider include (1) "the relationship between the adjudicated and unadjudicated claims"; (2) "the possibility that the need for review might or might not be mooted by future developments in the district court"; (3) "the possibility that the reviewing court might be obliged to consider the same issue a second time"; (4) "the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final"; and (5) "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Allis-Chalmers*, 521 F.2d at 364.

The Court declines to certify its order on the motions to dismiss at ECF No. 58. While the order dismissing all claims against the Dismissed Defendants is final, an immediate appeal is not warranted based on a weighing of the *Allis–Chalmers* factors. Here, the second and fourth *Allis–Chalmers* factors weigh in favor of certification. It is unlikely that any further developments in

the case will moot the need for appellate review. Further, the case does not involve "a claim or counterclaim which could result in set-off against the" Court's judgment of dismissal as to all claims against the Dismissed Defendants. However, the first and third factors weigh strongly in favor of denying certification. As to the first factor, the adjudicated and unadjudicated claims are closely related because they share the same supporting record. In her Complaint, Plaintiff alleges a broad, coordinated scheme involving all Defendants—both dismissed and stayed—through which she claims they collectively violated her constitutional rights and caused her injury in tort. *See* ECF No. 26 ("Am. Compl.") ¶¶ 48–50. Her claims are closely intertwined, repeatedly citing to the same exhibits and events as support for her requested relief. Should the Court certify its decision for appeal, the Third Circuit would likely be tasked with parsing through the same record twice to evaluate Plaintiff's claims, necessarily considering the allegations against the Stayed Defendants. Just so for the third factor: the Third Circuit would be required to evaluate Plaintiff's conspiracy claim twice, which alleges a single conspiracy through which "[a]ll Defendants conspired to deprive [Plaintiff] of [her] constitutional rights, including [her] right to familial association and due process." *Id.* ¶ 49.

Finally, the Court construes Plaintiff's motion to largely present arguments under the fifth "miscellaneous" factor. Specifically, Plaintiff argues that "[m]ultiple factors compel immediate appellate review" under Rule 54(b): (1) the "preservation of evidence"; (2) the "complexity of underlying claims"; (3) "bankruptcy stay implications"; and (4) "public interest considerations." Mtn. at 2–3. The Court finds that, even considering these arguments, there remains just reason for delay.

Plaintiff appears to argue that immediate resolution is necessary to prevent the degradation of documentary evidence and witness testimony, ensure any systemic harms are promptly rectified,

3

and correct potential errors of law. These concerns underpin almost all litigation. Without further support evidencing why such concerns are especially pressing here—in a dispute slightly over a year old—the Court does not find Plaintiff's argument to offer compelling reason to part from the longstanding policy against piecemeal appeals. *Cf. Myers v. Med. Ctr. of Del., Inc.*, 28 F. App'x 163, 166–67 (3d Cir. 2002) (declining jurisdiction over certain claims certified under Rule 54(b) because the case "offer[ed] no compelling reason to hear a piecemeal appeal," as it was "no different from the multitude of other [42 U.S.C.] § 1983 cases with multi-claims and multi-parties"). And, for avoidance of doubt, the Court does not view the delay caused by the Stayed Defendants' bankruptcy proceeding sufficient reason to certify.

The Court instead finds that certification under the circumstances would lead to duplicative efforts at the appellate level, resulting in an inefficient use of the judiciary's resources. Also, the relevant bankruptcy proceedings may conclude while the appeal remains pending, ultimately leading to further delay. *See, e.g.*, *Danieli Corp. v. SMS Grp., Inc.*, No. 2:21-CV-1716, 2024 WL 5443176, at *3 (W.D. Pa. Oct. 8, 2024) ("Here, an immediate appeal would not be an instrument for the improved administration of justice, but would serve the opposite end—risking unnecessary delay and expense." (citation modified)). Accordingly, as "just reason for delay" exists, the Court denies the Motion to Certify under Rule 54(b).

## II.     CONCLUSION

Accordingly, Plaintiff's Motion for Certification of Final Judgment Pursuant to Federal Rule of Civil Procedure Rule 54(b) is **DENIED**. An accompanying order will follow.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**
